1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   -----------------------------------x

3   UNITED STATES of AMERICA,

4           -against-                    20 Cr. 495(VB)
                                         Initial conference
5
    GUSTAVO L. VILA,
6
                 Defendant.
7
    -----------------------------------x
8

9                                   United States Courthouse
                                    White Plains, New York
10
                                    October 1, 2020
11

12

13              THE HONORABLE VINCENT BRICCETTI,
                      District Court Judge
14

15
    AUDREY STRAUSS
16        Acting United States Attorney for
          the Southern District of New York
17   BY:  SARAH L. KUSHNER
               Assistant United States Attorney
18

19
    FEDERAL DEFENDERS OF NEW YORK INC.
20            Attorneys for Gustavo L. Vila
     BY:  SUSANNE BRODY
21

22

23

24

25

1      THE CLERK:  United States of America against Gustavo

2  Vila, 20CR495.  On the phone, Judge, for the government, is

3  Sarah Kushner, and for the defendant we have Susanne Brody and

4  her client, Mr.Vila, along with your court reporter and several

5  members of the public on the line as well.

6      THE COURT:  Good morning, everybody.  This is an

7  initial conference in this matter before me.  I can see from

8  the ECF docket that the defendant was arraigned on a complaint

9  on September 3rd.  On September 18th he waived indictment and

10  pleaded not guilty to a one-count information.

11      I received from Ms. Brody a form entitled consent to

12  proceed by video or teleconference, and I just want to make

13  sure Mr.Vila consents to proceed by teleconferencing today.

14      So Mr.Vila, are you there?

15      Mr. Vila, are you there?  Okay.

16      MR. BRODY:  You have to unmute your phone now.

17      THE DEFENDANT:  Yes, I am, your Honor.  Sorry about

18  that.

19      THE COURT:  Okay.  Mr.Vila, are you there?

20      THE DEFENDANT:  Yes, I am, your Honor.

21      THE COURT:  All right.  I have in front of me a form

22  which was submitted by your attorney with an S-slash signature

23  for the attorney.  And what it says is you voluntarily consent

24  to participate in the following proceeding, meaning today's

25  conference, via teleconferencing.

1          Actually, the wrong box is checked on this form.  I'm

2     going to recheck it.  It says conference for a judicial officer

3     assignment of counsel.  That's not what today is about.  But

4     there is a box for initial appearance before a judicial

5     officer, namely, me.

6          In any event, have you discussed with your attorney

7     your right to appear in person for today's conference?

8          THE DEFENDANT:  Yes, I have, your Honor.

9          THE COURT:  And are you willing to waive that right

10    and consent to appear by teleconference for today's conference?

11         THE DEFENDANT:  Yes, I do, your Honor.

12         THE COURT:  All right, there's a line here for your

13    signature, although the law allows me to obtain verbal consent

14    from you on the record and sign for you.  So do I have your

15    consent to sign your name on the document?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  I'm doing that now.

18         Ms. Brody, your name is on here but it's not signed.

19    Do I have your consent to sign your name on the document as

20    well?

21         MR. BRODY:  Yes, Judge.  There's another mistake I

22    made on the form.  I had the wrong crim number.  It's 495, I

23    had 445, I don't know why.

24         THE COURT:  Ms. Brody, you know me long enough that's

25    the kind of thing I catch.  So thank you for telling me, but

1    I've already caught that.

2            In any event, just confirm for me you have discussed

3    this matter with your client and after discussing it with you

4    he expressed to you his willingness to proceed by

5    teleconference.

6            MR. BRODY:  That is correct.

7            THE COURT:  Okay, I've signed the document, and it

8    will be docketed today.

9            All right, let's see.  Ms. Kushner, can you give me a

10    brief overview of what this case is about?

11            MS. KUSHNER:  Sure, your Honor.  Good morning.

12            Mr.Vila is charged with one count of theft of

13    government funds from stealing over -- nearly a million dollars

14    in funds that were distributed by the 911 Victims Compensation

15    Fund, which is a DOJ program.  That money was intended for his

16    client, and other than $100,000 that he gave to his client, he

17    basically stole and spent the rest on himself.

18            THE COURT:  All right.  The defendant pleaded --

19    excuse me, the defendant waived indictment and pleaded not

20    guilty to an information; where do we expect this case to go?

21            Are we making discovery?  Are we trying to negotiate

22    a disposition?  Where are we on this, Ms. Kushner?

23            MR. BRODY:  Judge, may I speak to this?

24            THE COURT:  Let me hear from Ms. Kushner first.

25            MS. KUSHNER:  Yes, your Honor.  We are, I think,

1  ready to schedule and enter a plea.  And in the interim, I've

2  produced some initial discovery, specifically bank records that

3  Ms. Brody wanted right away.

4          THE COURT:  Okay, Ms. Brody, go ahead.

5          MR. BRODY:  Yes, your Honor.  We had spoken to the

6  Court about entering a plea and were informed this had to be

7  done in person if we were going to enter a plea.

8          THE COURT:  Ms. Brody, you have not spoken to the

9  Court.  You might have had some email exchange with my deputy.

10 That's not speaking with the Court.  If you want to make an

11 application to me, you have to do it either now or in writing

12 to the Court, not by email, that doesn't work.  It's got to be

13 on the docket.  But just so the record is clear, you have not

14 spoken to the Court.  But go ahead, tell me what you want to

15 do.

16         MR. BRODY:  What we would like to do is we would like

17 to -- if the Court wants me to file a CARES petition so we can

18 plead by telephone or video, I am happy to do that.  Mr. Vila

19 is prepared to enter a plea of guilty to withdraw his plea of

20 not guilty but by telephone.

21         So the question to the Court, does the Court want me

22 filing a CARES petition explaining what the extraordinary

23 circumstances are so that the Court can make a determination,

24 if the Court feels it's appropriate, for us to enter the plea

25 by phone.

1          THE COURT:  Yes, of course, because the statute

2    requires -- let me back up.  Rule 43(a) requires that guilty

3    pleas have to be done in open Court in the presence of the

4    judge and counsel, et cetera.  So there's an exception that has

5    been made by Congress in the CARES Act during a time which a

6    national emergency is declared.  We are in the middle of that,

7    of course.  There's a number of findings that I would need to

8    make in order to permit that to happen.  The relevant one here

9    is that I would have to, quote, find for specific reasons that

10   the plea or sentencing, in this case the plea, cannot be

11   further delayed without serious harm to the interest of

12   justice.

13          MR. BRODY:  And I would like to speak to the interest

14   of justice, Judge.

15          As the Court I'm sure is aware, there are a number of

16   attorneys from a law firm Barasch and something on the phone.

17   My understanding is that they represent the victim in this

18   case.  I have had a number of discussions with the government

19   and of course with my client.

20          My client may have access to funds within the next

21   couple of weeks.  A residence owned by his wife, his ex-wife,

22   there's a divorce decree which gives him a certain amount of

23   the profits from the sale of the home.  He believes it may be,

24   may be as much as $130,000.

25          There's another property that was a business property

1  that's in receivership that he anticipates receiving cash from.

2  In discussions with the government, we believe in this

3  particular case, and I will be filing the CARES petition, I'm

4  just giving the Court a heads up, that the extraordinary

5  circumstances are the need to get the money to the victim as

6  quickly as possible.  I've discussed with Mr. Vila, I've

7  discussed with the government, he does not contest he owes the

8  money.  He wants to get this money over to the victim as

9  quickly as possible, and we would hope that we could get a plea

10  and a sentence, a sentencing in as quickly as possible to make

11  restitution to the victim.  And I believe the government can

12  also speak to this because in speaking with the government they

13  had no objection to my filing a CARES petition and would not be

14  objecting to the extraordinary circumstances.

15        THE COURT:  Okay, well, that's fine, you can file a

16  letter, and if it's on consent of the government, you should

17  reflect that in the letter, but the statute says -- it doesn't

18  say anything about extraordinary circumstances or pretty much

19  anything that you just referred to.  What it says is that the

20  judge has to find for specific reasons that the plea or

21  sentencing in the case not be further delayed without serious

22  harm to the interest of justice.  So you need the address

23  whether there's a basis for me to make that finding or not, and

24  if you make that application or you present that in a letter,

25  especially if it's on consent of the government, then I may

1   grant it.

2           The courthouse is open.  I'm here today.  I'm doing

3   other proceedings in the courtroom today, and Mr.Vila is not in

4   custody.  It's not self-evident that we need to do this by

5   video.  It's not clear to me that we do.  And if counsel cannot

6   be present, there are roughly 25 other members of your office,

7   I'm sure any one of them are both competent and willing to

8   appear in person like lawyers do every single day in my

9   courtroom.  So I don't know.

10          I know some judges have taken a more laissez-faire

11  view of the CARES Act.  I'm not one of those.  But you can make

12  whatever application you want to make and I will certainly

13  consider it.

14          Why don't we do this, why don't we -- I'm going to

15  put this over for a month, although I'm hoping that this is

16  going to get straightened out before then, but I'm going to put

17  this over for a month and make your application as soon as you

18  want to make it.  And if you do, I'll deal with it immediately,

19  and if it means that we are going to schedule a plea, we'll do

20  that immediately as well, but I'm going to schedule another

21  conference date for approximately a month from now.

22          Donna, can we have a date, please.

23          THE CLERK:  Yes, Judge.  We're actually going to be

24  on trial perhaps with that *Community* case.  So I'm thinking

25  would it be okay if I do the week before like towards the end

1  of the week, Thursday, perhaps the 29th?

2  THE COURT:  Of what?  Of October?

3  THE CLERK:  Of October.

4  THE COURT:  Yes, October --

5  THE CLERK:  Or you want me to go -- or I could go the

6  following week.

7  THE COURT:  No, October 29 or 30th.

8  THE CLERK:  Yes.  30th is pretty packed.  How about

9  3:00 p.m. on Thursday, October 29th?

10  THE COURT:  And that would be a telephone conference,

11  if we have it.  I'm hoping that we're not going to need to have

12  it at that time.  We'll advance that date for purposes of a

13  disposition.  If we don't, it will be October 29, 3:00 p.m. by

14  teleconference.

15  Is that acceptable, Ms. Kushner?

16  MS. KUSHNER:  Yes, your Honor.

17  THE COURT:  Ms. Brody?

18  MR. BRODY:  Yes.

19  THE COURT:  Okay.  Other than an application to

20  exclude time under the Speedy Trial Act, is there anything else

21  that we need to do today?

22  Ms. Kushner.

23  MS. KUSHNER:  No, your Honor.  I would like to note

24  that the government is more than happy to do a plea in person,

25  but that if your Honor makes the findings, we do think that the

1   need for restitution to be paid as quickly as possible will tip

2   the scale in terms of in the interest of justice.

3           THE COURT:  You know that strikes me as sort of an

4   odd thing though, honestly.  If he wants to pay it, he can just

5   pay it.  If he gets the money, he can pay it.  He can pay it

6   over to Ms. Brody, and I'm sure there must be some way which

7   the Federal Defenders can escrow it, or pay it over to the

8   government and be sort of an advance payment against any

9   restitution obligation.  I mean you just said that he owes the

10  money.  So if he owes the money, pay the money.  I don't know

11  why that's such a complicated matter and why it requires

12  basically doing something that the law ordinarily forbids.  But

13  you know, you're going to make your application and the

14  government is going to weigh in.

15          And please don't weigh in by saying, Ms. Kushner,

16  that we take no position.  That's not acceptable to me, and I

17  tell prosecutors that all the time.  Take a position.  The

18  position is we consent or we object.  It's one or the other.

19  Okay?

20          MS. KUSHNER:  Understood.

21          THE COURT:  The fact that you say the government has

22  no problem appearing in person, well, of course not, that's

23  what the law requires.  Of course you have no problem appearing

24  in person.  That happens and it has happened for time

25  immemorial and it's happening today and every day.  In this

1  courthouse yesterday every single judge was in the building;

2  every District Judge, every Magistrate Judge, the Bankruptcy

3  Judge, everybody was here doing their job in public as

4  essential workers as we do every single day.

5          All right, so make your application as soon as

6  possible.

7          Ms. Brody, is there anything further you want to

8  raise other than an application for speedy trial exclusion?

9  Other than that.

10         MR. BRODY:  No, but you know, the attorneys in my

11  office are not fungible, we do have relationships with clients.

12  We're not US Attorneys who can just step into a case, and

13  unfortunately, I'm not permitted to enter the courtroom, and

14  I'll put it in my application, and the Court will do what the

15  Court will do.

16         THE COURT:  I understand that, Ms. Brody, but that's

17  just not a factor under the CARES Act.

18         MR. BRODY:  I understand, Judge.

19         THE COURT:  That's the issue here.  The issue is not

20  your situation of which you know I am sympathetic, I don't need

21  to say that, you know it already.

22         MR. BRODY:  I know.

23         THE COURT:  That's not the question.  The question is

24  are there specific reasons why this cannot be delayed without

25  doing serious harm to the interest of justice?  I don't want

1  the rephrase it.  It's the statute.  The statute is the

2  statute.

3         Anyway, okay, Ms. Kushner, you want to make an

4  application under the Speedy Trial Act?

5         MS. KUSHNER:  Yes, your Honor.

6         THE COURT:  Go ahead.

7         MS. KUSHNER:  Can we exclude time through October 29

8  to allow the parties to continue finalizing a pretrial

9  disposition of this matter?

10         THE COURT:  Okay, any objection, Ms. Brody?

11         MR. BRODY:  I have no objection, I do have a question

12  though.

13         THE COURT:  I didn't ask you for questions.  I asked

14  you if you had any objections.

15         MR. BRODY:  I said no objection, but I still have a

16  question.

17         THE COURT:  All right, the Court excludes time under

18  the Speedy Trial Act from today through and including

19  October 29, 2020.  I find that the ends of justice served by

20  granting the requested continuance outweigh the best interest

21  of the public and the defendant in a speedy trial for the

22  reasons stated on the record by Ms. Kushner.

23         Yes, Ms. Brody, what question do you have?

24         MR. BRODY:  I don't know if the Court has allowed

25  this up to this point, but would it be possible to have

1    somebody in my office stand in the courtroom and have me on the

2    phone?

3               THE COURT:  Yes.

4               MR. BRODY:  We will arrange that as quickly as we

5    possibly can, Judge.

6               THE COURT:  I didn't deny your application to proceed

7    under the CARES Act, so you can do whatever you want, but the

8    short answer to that is absolutely yes, and in fact, I think it

9    would -- well, the answer is yes.  That's the short answer.

10              MR. BRODY:  That's what we will do, Judge.  I'll get

11   one of the attorneys in my office and I will arrange it with

12   chambers and my office, and instead of getting the CARES --

13   filing a petition, we will get the plea in as quickly as we

14   possibly can.

15              THE COURT:  Correct.  You're absolutely welcome to

16   participate by phone.

17              Mr.Vila, would that be acceptable to you?

18              In other words, would it be acceptable to you to have

19   Ms.Vila -- excuse me, Ms. Brody on the phone and being able to

20   weigh in during a plea proceeding and participate fully but

21   also to have one of the other members of the Federal Defenders

22   of New York, which is a pretty large office representing

23   hundreds at any one time, maybe thousands of indigent criminal

24   defendants in cases before this court, and they're all

25   competent and they're all experienced, and so would it be

1  acceptable to you to have that arrangement where Ms. Brody

2  would be on the phone and one of her colleagues would be in the

3  courtroom with you and the prosecutor?

4            THE DEFENDANT:  Yes, your Honor, that's acceptable.

5            THE COURT:  And if we do it that way, I will give you

6  every opportunity to speak privately.  In other words, I would

7  just leave the courtroom, everybody would leave the courtroom,

8  you'd have an opportunity to speak privately with your attorney

9  if you needed to do so during that preceding.  Okay?  In other

10  words, we'll make the appropriate accommodation.

11            So with that added provision, again, I'm asking you,

12  is that acceptable to you?

13            THE DEFENDANT:  Yes, it is, your Honor.  Thank you.

14            THE COURT:  Great.  All right, thank you all very

15  much.  Please be in touch with my deputy to schedule change of

16  plea proceeding, if that's where we end up.

17            All right, thank you all.  Have a good day.

18            MS. KUSHNER:  Thank you, your Honor.

19            MR. BRODY:  Thank you.

20            (Proceedings concluded)

21  CERTIFICATE:  I hereby certify that the foregoing is a true and
accurate transcript, to the best of my skill and ability, from
22  my stenographic notes of this proceeding.
                    _____
23  Angela A. O'Donnell, RPR,Official Court Reporter, USDC, SDNY

24

25

          Angela O'Donnell - Official Court Reporter
                      914-390-4025