UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :       **ORDER**
v.                                       :
                                         :       20 CR 495 (VB)
GUSTAVO L VILA,                          :
                           Defendant.    :
-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/29/22

     On April 19, 2021, having been convicted of stealing nearly $1 million owed to his client under to the 9/11 Victims Compensation Fund, defendant was sentenced to 51 months' imprisonment, followed by a three-year term of supervised release. Defendant was also ordered to pay restitution in the amount of $867,870.76, as well as a special assessment of $100. At the time of sentencing, the Court "so ordered" the parties' Consent Order of Restitution, pursuant to which, among other things, defendant was ordered to make monthly installment payments of at least 20% of any income he received, including pension and retirement income, towards his restitution obligation, and to do so while serving his term of imprisonment. Defendant thereafter surrendered for service of his sentence, and is currently in the custody of the U.S. Bureau of Prisons.

     Because defendant had paid only $25 towards his restitution and special assessment obligations, the government sought, and the Court issued, a writ of garnishment to the New York City Police Pension Fund (the "Fund"), dated November 22, 2021, directing the Fund to withhold and retain any property in which defendant had a substantial non-exempt interest. By answer dated December 2, 2021, the Fund stated that defendant receives a regular monthly pension payment of $4,186.74, plus a cost-of-living adjustment. In addition to the regular pension payments, defendant receives an annual Variable Supplements Fund ("VSF") payment of $12,000 from the Fund. The Fund stated that beginning on November 30, 2021, it would withhold non-exempt earnings of $1,046.68 from defendant's monthly pension payment, and $3,000 from the annual VSF payment (i.e., 25% of the monthly pension payment and 25% of the annual VSF payment), until such time as it is served with a final order of garnishment.

     In response to the writ of garnishment, defendant claimed numerous exemptions from garnishment and requested a hearing to assert the validity of these claimed exemptions.

     By motion dated January 12, 2022, the government requests that the Court deny defendant's request for a hearing and enter a final order of garnishment of 25% of his ongoing monthly pension payments as well the entire proceeds of his annual VSF payment during the period of his incarceration.

     For substantially the reasons set forth in the government's memorandum of law in support of its motion, and as summarized below, the motion is GRANTED.

First, the government is authorized by 18 U.S.C. § 3613 to utilize the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. § 3001 et seq., to collect defendant's restitution obligation to the victim in this case. The FDCPA authorizes garnishment of defendant's non-exempt property to satisfy that obligation.

Second, in the Consent Order of Restitution, defendant agreed that his pension and retirement benefits could be used to make restitution, and that he would make installment payments while serving his term of imprisonment. Notwithstanding that agreement, as of January 12, 2022, defendant has paid only $25 towards his restitution and special assessment obligations.

Third, the exemption from garnishment for certain annuity and pension payments claimed by defendant does not apply in this case, because that exemption relates to statutorily specified types of payments, none of which includes his police pension. See 18 U.S.C. § 3613(a); 26 U.S.C. § 6334(a)(6). All of the other exemptions claimed by defendant (e.g., wearing apparel and school books) are not at issue in this application.

Fourth, because defendant has not raised a valid exemption claim, he is not entitled to a hearing on the government's application.

Finally, the entirety of defendant's annual VSF payment during his period of incarceration is a "substantial resource" that defendant must apply towards the payment of restitution pursuant to 18 U.S.C. § 3664(n).

Accordingly, the government's motion to deny defendant's request for a hearing and enter a final order of garnishment of 25% of his ongoing monthly pension payments as well the entire proceeds of his annual VSF payment during the period of his incarceration is GRANTED.

In light of the foregoing, it is hereby ORDERED:

1. By March 31, 2022, the government shall serve a copy of this Order on defendant and file proof of service of same on the docket.

2. By April 5, 2022, the government shall submit for the Court's consideration an appropriate proposed order to effectuate the rulings herein, and shall serve a copy thereof on defendant and file proof of service of same on the docket.

3. By April 12, 2022, defendant shall, if he wishes, submit a counter-proposed order.

Dated: March 29, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge